McNULTY, Judge.
In this negligence action the trial court granted summary 'judgment in favor of plaintiff-appellee on the issue of liability. This interlocutory appeal followed and we reverse.
Metz, a city bus driver, was wearing new work shoes with leather soles. He stopped his bus to pick up a passenger. Thereafter, he applied the foot throttle slightly to get the bus rolling and close a gap between his bus and the plaintiff-ap-pellee’s vehicle. After proceeding approximately ten feet and reaching a speed of some 4 m. p. h., he stepped on the brake pedal as he approached appellee’s vehicle. His foot slipped off the brake pedal and onto the throttle causing the bus to smash into the rear of appellee’s vehicle. Metz deposes that he had no prior knowledge that his foot could or would slip from wearing leather soles, but that during the 20 years he had been a bus driver his foot had slipped on him a few times but had never resulted in an accident.
On these facts the trial court concluded that there was no issue as to a material fact relating to liability and that Metz, ergo the city, was -guilty of actionable negligence as a matter of law. We disagree.
The question in these cases is not whether the alleged tortfeasor committed an act or was guilty of an omission which per se proximately causes injury. The question is whether an ordinary, reasonable prudent person might be guilty of the same act or omission under like circumstances. All human conduct is fraught with errors and omissions, but it is only the errors or omissions which are unreasonable under the circumstances for which the law visits liability; and unreasonableness is a jury question precluding summary judgment on the issue of actionable negligence.
In view of the foregoing, the summary judgment on liability herein should be, and it is hereby, reversed and the cause is remanded for further proceedings not inconsistent herewith.
MANN, C. J., concurs.
LILES, J., dissents.