PER CURIAM.
Appellant, who was plaintiff in the trial court, brought this action for the recovery of damages suffered by it when a vehicle operated by defendant, Frank Hunter, and owned by John O. Grissett, negligently crashed into the rear end of plaintiff’s taxicab when it stopped to pick up a passenger. From a judgment based upon a jury verdict rendered in favor of defendant, Grissett, on his counterclaim against plaintiff, this appeal is taken.
Appellant’s sole point on appeal challenges the sufficiency of the evidence to sustain the judgment recovered by ap-pellee and contends that the verdict is contrary to the manifest weight of the evidence and justice of the cause. We have carefully reviewed the testimony adduced at the trial and find that it is sufficient to sustain the findings and conclusions apparently reached by the jury that although defendant’s vehicle did crash into the rear end of appellant’s taxicab, thereby creating *708 a presumption of negligence,[1] nevertheless defendant-driver had not failed to exercise reasonable care under the circumstances and that it was plaintiff-driver’s negligence in bringing its taxicab to a sudden stop on the street in a lane of moving traffic which caused the collision out of which the damages arose. Under this state of the evidence we are unable to say that the trial court erred in denying appellant’s motion for a new trial.[2] The judgment appealed is accordingly affirmed.
RAWLS, C. J., WIGGINTON, J., and CARROLL, CHARLES A., Associate Judge, concur.

. McNulty v. Cusack (Fla.App.1958), 104 So.2d 785.

. Holden v. Dye (Fla.App.1969), 224 So.2d 350.