344 So.2d 1290 (1977)
METROPOLITAN DADE COUNTY TRANSIT AUTHORITY and Robert Hamlett, Appellants,
v.
Rafael ESPINOSA and Nona Espinosa, His Wife, Appellees.
No. 76-613.
District Court of Appeal of Florida, Third District.
April 12, 1977.
Rehearing Denied May 11, 1977.
*1291 Wicker, Smith, Blomqvist, Davant, McMath & O'Hara and Richard A. Sherman, Miami, for appellants.
Horton, Perse & Ginsberg, Brumer, Moss, Cohen & Rodgers, Miami, for appellees.
Before PEARSON, BARKDULL and NATHAN, JJ.
PER CURIAM.
Since 1964 (in Florida) a jury has had a right to find that a driver who rear-ends a vehicle is free from negligence. Stark v. Vasquez, 168 So.2d 140 (Fla. 1964). This was true when our courts operated under the doctrine of contributory negligence and a plaintiff's negligence was a complete defense. It is likewise true today, when cases are tried on issues of comparative negligence. City of St. Petersburg v. Naden, 284 So.2d 15 (Fla. 2nd D.C.A. 1973); Thompson v. Jacobs, 314 So.2d 797 (Fla. 1st D.C.A. 1975); Petroleum Carrier Corporation v. Gates, 330 So.2d 751 (Fla. 1st D.C.A. 1976).
Finding evidence in the record to support the jury's verdict, no error has been made to appear. Vanzant v. Davies, 215 So.2d 504 (Fla. 1st D.C.A. 1968); Community Cabs, Inc. v. Grissett, 284 So.2d 707 (Fla. 1st D.C.A. 1973); Thompson v. Jacobs, supra. The final judgment is therefore affirmed.
Affirmed.