NESBITT, Judge.
The driver, owner, and insurer of an automobile involved in a rear-end collision appeal a final judgment entered after a jury trial confined to the issue of damages. We agree that the trial court should not have granted a partial summary judgment against these defendants on the issue of liability, and we vacate that order.
The defendant driver crashed into the rear of the plaintiff’s automobile while the latter was stopped at an intersection. The testimony of these two parties during discovery was greatly disparate’ as to the rate of speed at which the defendant’s vehicle was travelling just before the accident. The defendant driver was unclear as to what she observed upon approaching the intersection and the plaintiff’s car. However, she stated in her answers to interrogatories and at deposition that she applied the brakes as she neared the car, but they failed. The policeman who investigated the accident testified that there were no skid marks nor signs of brake damage at the accident scene, that when he tried the brakes on the offending vehicle the pedal depressed all the way to the floor, and that the pressure in the brakes increased as he pumped the pedal. The defendant owner of the car said at deposition that she never had a problem with the brakes and that the car had recently passed a then-required state inspection. The defendant driver also confirmed that the brakes worked when she applied them two or three minutes prior to the accident.
Although there is a -presumption of negligence against the operator of a mo *563 tor vehicle that crashes into the rear of a statiqnary vehicle, the presumption may be overcome by a reasonable explanation. Stark v. Vasquez, 168 So.2d 140 (Fla.1964), approving, Pensacola Transit Co. v. Denton, 119 So.2d 296 (Fla. 1st DCA 1960); see also Metropolitan Dade County Transit Authority v. Espinosa, 344 So.2d 1290 (Fla. 3d DCA), cert. denied, 352 So.2d 173 (Fla.1977). On the record before us, we hold that a factual dispute existed regarding the defendant driver’s explanation (i.e., brake failure) as to what caused the collision with the back of the plaintiff’s automobile. Accordingly, the partial summary judgment on liability cannot stand.
Because the sole point presented on appeal was the propriety of the liability portion of the judgment below, we reverse only that portion of the judgment and remand for trial as to liability. Purvis v. Inter-County Telephone and Telegraph Co., 173 So.2d 679 (Fla.1965). The jury’s damages award embodied in the final judgment is therefore affirmed on the condition that the plaintiff prevails upon trial of the liability issue and subject to reduction by the percentage found, if any, of comparative negligence, which was pleaded as an affirmative defense.
Affirmed in part; reversed in part and remanded.