582 So.2d 712 (1991)
Donald PIERCE, et ux., Appellants,
v.
PROGRESSIVE AMERICAN INSURANCE COMPANY, et al., Appellees.
Nos. 89-2405, 90-32.
District Court of Appeal of Florida, Fifth District.
June 27, 1991.
*713 John R. Overchuck, of Overchuck, Langa & Crews, P.A., Orlando, for appellants.
Wm. Patrick Fulford, Patricia A. Remer, and Curtis L. Brown of Wright, Fulford & Moorhead, P.A., Orlando, for appellee Progressive American Ins. Co.
Michael S. Orfinger and Linda F. Wells, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, for appellee Aall Ins. Inc.
EN BANC
COBB, Judge.
The issue on appeal is whether an insurance carrier, Progressive, and its agent, Aall, were entitled to summary judgment entered in their favor on the basis that two uninsured motorists (Reaves and Tiroff) involved in a chain collision on Highway 50 in Orange County were not liable, as a matter of law, to the rear driver in the chain, Pierce, who was operating a motorcycle. The parties involved in the multiple collisions were Boone, Reaves (now deceased), Tiroff, and Pierce, in that order. The evidence submitted to the trial judge was in the form of depositions taken from Boone, Tiroff, and Pierce.
Boone testified that as he was driving his Toyota station wagon west on Highway 50 in the inside lane of a divided highway in "moderately heavy" traffic at an appropriate speed, he looked down the road and saw a red traffic light at an intersection. The traffic ahead was stopping. He came to a "moderate" stop behind the other cars. Within a second he felt a "minor bump" by the car behind him. He and the offending driver (Reaves) got out of their respective cars to inspect any damage. They found a little dent in Boone's rear bumper, and no damage to the front of Reaves's Pontiac. As they were talking, they noticed a man lying on the pavement nearby, and a third vehicle behind the Pontiac. Reaves said he was not aware he had been hit, and Reaves found no damage to the rear of his car upon inspection. Boone did not see or hear any collision other than the collision between Reaves and himself. He talked briefly at the scene with the driver of the third car, Tiroff. The rear of Tiroff's Datsun showed evidence of a "tremendous impact." Reaves indicated that he did not believe he had been struck from the rear at all. Lying just in front of the Datsun was a motorcycle and beyond that a man (Pierce) lying on the ground, partially on the shoulder and partially on the pavement. Pierce was conscious, appeared to have a broken leg, and was bleeding from the facial area. Boone heard no horns or squealing tires at any time. He specifically looked for skid marks at the scene and saw none. Boone had liability coverage at the time of the incident.
Tiroff's deposition testimony was essentially consistent with that of Boone. He was following Reaves's vehicle in the inside lane of Highway 50. The Toyota station wagon (Boone) was ahead of Reaves. The left lane was backed up with traffic at the time, and traffic was coming to a stop because of the light at the intersection. The car in front of Tiroff (Reaves) came to a quick stop, skidding its tires a short distance, perhaps two feet. Tiroff braked moderately at first, then increased the braking as he came to a quick stop some two feet behind Reaves without striking him. Thereupon, Pierce struck Tiroff in the right rear. The impact of Pierce's motorcycle against the rear of the Datsun knocked it forward into Reaves's car, causing some damage around the headlight area of the Datsun. The Pontiac was not damaged. Pierce's insurance carrier paid for the damage to Tiroff's car, which was declared a total loss. Tiroff was uninsured at the time.
Pierce testified that he was traveling 30-35 miles per hour and began to brake when he saw the second car (Reaves) hit the first car (Boone) two or three car lengths ahead of him. Pierce applied his brakes before the car immediately ahead of him (Tiroff) braked. Tiroff then locked his brakes and slid to the left, hit the car in front of him, then was struck by Pierce. All three collisions were in the left lane. Pierce unequivocally blamed the first car, Boone, as the cause of the chain collision. When asked what facts would indicate that Tiroff was *714 at fault in any way, Pierce answered that he knew of none other than the fact that Tiroff hit Reaves. Pierce also testified that he was aware of stop lights on Highway 50 where he was traveling and specifically the one that was concerned in the instant case. He testified that he would have been able to see the traffic light at the intersection from where he was at the time of his collision.
The appellant's brief relies upon three arguments: (1) that the default by Reaves's estate is binding upon Progressive as an admission of negligence; (2) that the presumptions of negligence arising against Reaves and Tiroff for striking a preceding vehicle from the rear inure to Pierce's benefit in the collision wherein he struck Tiroff in the rear; and (3) Reaves and Tiroff came to abrupt stops, thus a "jury question arises as to the negligence of the rear-ending party."
The first argument must fail for the reasons set forth in Dade County v. Lambert, 334 So.2d 844, 847 (Fla. 3d DCA 1976). See also, State Farm Mut. Auto. Ins. Co. v. Clark, 544 So.2d 1141 (Fla. 4th DCA 1989).
The second argument is equally fallacious. The presumption of negligence arising from the collision between Boone and Reaves inured only in favor of Boone, and against Reaves. Likewise, any presumption of negligence against Tiroff and in favor of Reaves arising from a second collision could not benefit Pierce in regard to the third collision when he struck Tiroff.
The third argument by appellant is the one found persuasive by the dissent. The fallacy in that argument is that it oversimplifies the burden placed upon the rear driver to overcome the presumption of negligence against him. It is not merely an "abrupt stop" by a preceding vehicle (if it is in its proper place on the highway) that rebuts or dissipates the presumption that the negligence of the rear driver was the sole proximate cause of a rear-end collision. See Cowart v. Barnes, 370 So.2d 103 (Fla. 1st DCA), cert. denied, 379 So.2d 202 (Fla. 1979). It is a sudden stop by the preceding driver at a time and place where it could not reasonably be expected by the following driver that creates the factual issue. Burton v. Powell, 547 So.2d 330 (Fla. 5th DCA 1989). As we said in Baughman v. Vann, 390 So.2d 750 (Fla. 5th DCA 1980):
When a leading vehicle is located within its proper place on the highway, proof of a rear-end collision raises a presumption of negligence on the part of the overtaking vehicle. Stephens v. Dichtenmueller, 207 So.2d 718 (Fla. 4th DCA 1968); Rianhard v. Rice, 119 So.2d 730 (Fla. 1st DCA 1960). This presumption provides a prima facie case which shifts to the defendant the burden to come forward with evidence to contradict or rebut the presumed negligence. If the defendant produces evidence that fairly and reasonably shows that he was not negligent, the effect of the presumption disappears and negligence then becomes a jury question. Gulle v. Boggs, 174 So.2d 26 (Fla. 1965); Shaw v. York, 187 So.2d 397 (Fla. 1st DCA 1966). The burden on the defendant is not to come up with just any explanation, but one which is "substantial and reasonable." Brethauer v. Brassell, 347 So.2d 656 (Fla. 4th DCA 1977).
As a matter of law, it is not a substantial and reasonable explanation by Pierce to merely say that the vehicles ahead of him  whether Boone, Reaves, or Tiroff  stopped abruptly. Such stops had to be reasonably anticipated at the time and place where they occurred according to Pierce's own testimony: in a crowded lane of traffic approaching a busy intersection controlled by a traffic signal which was in view of all four drivers at the time of the collisions.
Other than the fact that Reaves and Tiroff each collided with a preceding car, there is no evidence whatsoever of any negligence by either of them to rebut the presumption of Pierce's negligence in regard to the third collision. The burden to produce that evidence was upon Pierce. See Landers v. Milton, 370 So.2d 368 (Fla. 1979). Even on this appeal, Pierce has not contended that there was any material evidence *715 of negligence on the part of Tiroff or Reaves other than the fact each ran into a preceding vehicle. This is not a case wherein there is evidence of a sudden brake failure of the rear vehicle to excuse the presumptive negligence of the rear driver as in Gulle v. Boggs, 174 So.2d 26 (Fla. 1965). To the extent of any inconsistency with our prior opinion in Lynch v. Tennyson, 443 So.2d 1017 (Fla. 5th DCA 1983), we recede from that opinion.
AFFIRMED.
DAUKSCH, COWART, HARRIS and PETERSON, JJ., concur.
DIAMANTIS, J., concurs in result only with opinion.
W. SHARP, J., dissents with opinion, with which GOSHORN and GRIFFIN, JJ., concur.
DIAMANTIS, Judge, concurring in result only.
I concur in the result reached by the majority that the order of summary judgment must be affirmed; however, I base this conclusion on different reasoning. Under the facts of this case each driver involved in this multiple collision owed a duty to not run into the preceding vehicle; the drivers did not owe any concomitant duty to the driver of the vehicle following him to prevent that driver from running into them.
All of these drivers were approaching a traffic signal which had turned red and, therefore, each of these drivers had a legal duty to stop for the red light. Pierce may have been placed in a position of peril because the driver behind him squealed his vehicle's tires and could have crushed Pierce against Tiroff's vehicle which was in front of Pierce's motorcycle. This situation caused Pierce to brake and then release his brakes and attempt to maneuver his motorcycle around Tiroff's vehicle. However, the duty of reasonable care owing Pierce under these facts flowed from the driver of the vehicle behind Pierce to Pierce. Unfortunately, that driver is not a party to this litigation. I cannot shift that driver's duty of care to the drivers of the vehicles which were located in front of Pierce. Because of these facts, Tiroff and Reaves, who were in front of Pierce, did not owe Pierce the duty to operate their vehicles reasonably. Accordingly, I must affirm the trial court's order granting summary judgment in favor of Tiroff and Reaves.
W. SHARP, Judge, dissenting.
I respectfully dissent. The basis for the trial judge's summary judgment was that Pierce failed to overcome the presumption of negligence on his part, which arises from the facts of a rear-end collision, and therefore the record showed he was the sole cause of his own injuries. The two potential tortfeasors, Tiroff and Reaves, were excused from any liability. The insurance company defendants were exonerated as well, since they were only potentially liable under an insurance policy issued to Pierce for the liability of the uninsured motorists (Reaves and Tiroff). I would reverse because the record fails to demonstrate as a matter of law that Pierce was the sole cause of the accident.
This case comes to us in a rather unusual posture. Pierce originally filed a declaratory suit to determine whether his policy with Progressive included uninsured motorist coverage. He alleged some unauthorized person signed a waiver of such coverage and the agent failed to adequately explain his rights. Boone, the first driver in the chain, was also sued as a defendant. Boone had liability insurance.
Eventually the insurance companies moved to sever the coverage issues from the liability issues, and to try the liability issue first. Pierce objected because that format deprived him of his right to arbitrate damages and liability under the insurance policy. However, that point is not raised in this appeal. The trial judge also entered an order requiring Pierce to join all other potentially liable tortfeasors (Tiroff and Reaves), which he did. The correctness of that order is also not raised as an issue on appeal.
*716 Boone moved for summary judgment. Final judgment was entered February 12, 1987 in his favor, finding no liability on his part for the accident. Pierce did not appeal. Thus, the law of this case establishes that Boone was not negligent (and, of necessity, that he came to a gradual and moderate stop behind a line of traffic after a traffic signal turned red). Pierce also eventually obtained a default judgment against Reaves' estate. However, that fact does not operate as an admission against the insurance companies, or any other codefendant. Dade County v. Lambert, 334 So.2d 844, 847 (Fla. 3d DCA 1976).
The issue in this appeal is whether the record creates a question of fact that neither Tiroff nor Reaves were negligent and contributed in some degree to causing Pierce's injuries. The depositions in the record are not conclusive on that issue. In his deposition taken July 19, 1985, Pierce stated that Reaves, in the second car, and Tiroff in the third car, abruptly jammed on their brakes, squealed its tires and slid, before striking the forward cars. He was placed in a position of peril because the car behind him squealed its tires and could have crushed him against Tiroff. He was forced to brake and release and try to get around Tiroff. Giving Pierce all favorable inferences, Tiroff's and Reaves' sudden, abrupt stops could have partially caused or contributed to Pierce's inability to stop safely behind Tiroff.
In an earlier deposition taken July 10, 1984, Pierce largely blamed Boone (the first car) for initiating the chain collision by making a sudden stop. But, he also testified Reaves and Tiroff made abrupt and sudden stops. In Tiroff's deposition, Tiroff also testified that Reaves made a quick, skidding stop behind Boone, which caused him to stop very quickly to try to avoid hitting Reaves. These statements read most favorably to Pierce, create a comparative negligence issue for the jury.[1]
Appellees argue that under Florida law, the fact that a person runs into another vehicle which is lawfully in the roadway ahead of him creates a presumption that the driver of the rear-ending car is negligent and liable for the accident. Since Boone has been absolved from liability, they argue that the total fault must be Pierce's, the last car in the chain.
I do not think Boone's lack of liability answers the liability issue for the other two drivers in this case. At trial, Pierce would have the burden of contradicting or rebuting the presumption of negligence on his part. He would have to establish a "substantial and reasonable" explanation for rear-ending Tiroff. Baughman v. Vann, 390 So.2d 750 (Fla. 5th DCA 1980). If he could, the presumption would vanish, and the case would go to the jury on ordinary negligence principles. Tozier v. Jarvis, 469 So.2d 884 (Fla. 4th DCA 1985).
The majority has already concluded that Pierce will be able to establish at most an abrupt but not unexpected stop by the preceding vehicles on the highway. If that turns out to be the case, then Pierce may not prevail. See Burton v. Powell, 547 So.2d 330 (Fla. 5th DCA 1989). However, it is not necessary at a hearing on summary judgment for the nonmoving party to produce evidence to prove its case as it would at trial; available inferences may allow the case to survive a motion for summary judgment. Lynch v. Tennyson, 443 So.2d 1017 (Fla. 5th DCA 1983); Platel v. Maronda Homes, Inc., 423 So.2d 627 (Fla. 5th DCA 1982).
Reading the record in a manner most favorable to Pierce as we must,[2] it appears Pierce may be able to show that the excessively sudden stops of Reaves and/or Tiroff were not reasonably expected and as a result, he was put in a position of peril from which, at least in part, he could not extricate himself, or which contributed to his inability to avoid hitting Tiroff and suffering *717 personal injuries. Since the record is not conclusive on the question of liability, summary judgment should not have been granted.
GOSHORN and GRIFFIN, JJ., concur.
NOTES
[1] See Burroughs Corporation v. American Druggists' Insurance Co., 450 So.2d 540 (Fla. 2d DCA 1984); McCabe, Jr. v. Walt Disney World Co., 350 So.2d 814 (Fla. 4th DCA 1977); Metropolitan Dade County Transit Authority v. Espinosa, 344 So.2d 1290 (Fla. 3d DCA), cert. denied, 352 So.2d 173 (Fla. 1977).
[2] See Rautbord v. Industrial Avenue Realties, Ltd., 356 So.2d 1289 (Fla. 3d DCA 1978).