696 So.2d 386 (1997)
Kenneth WATERS and Guy Skipper, Appellants,
v.
Nettie WILLIAMS, Appellee.
No. 96-1446.
District Court of Appeal of Florida, First District.
May 22, 1997.
Rehearing Denied July 3, 1997.
*387 Christopher R. Johnson and Belinda B. De Koan of Fuller, Johnson & Farrell, P.A., Pensacola, for Appellants.
James F. McKenzie and Michael S. Burtt of McKenzie & Soloway, P.A., Pensacola, for Appellee.
PER CURIAM.
This appeal arises from an order of the trial court granting Appellee's motion for new trial as to damages following a directed verdict ruling on liability. Appellants make two arguments on appeal: (1) that the trial court erred in granting a new trial on damages, and (2) that the trial court erred in granting Appellee's motion for directed verdict on liability. We hold that the trial court erred in directing a verdict on liability. We do not, therefore, need to address the first issue raised. We reverse and remand for a new trial as to both liability and damages.
The law is well established that where a defendant runs into the rear of a plaintiff's automobile while plaintiff is stopped for a traffic light, there is a presumption of negligence of the defendant on which the plaintiff would be entitled to recover in the absence of explanation by the defendant. Pensacola Transit Co. v. Denton, 119 So.2d 296, 297 (Fla. 1st DCA 1960). When the defendant introduces evidence which fairly and reasonably tends to show that the real fact is not as presumed, then the impact of the presumption is dissipated and the issue of negligence becomes a jury question. Gulle v. Boggs, 174 So.2d 26 (Fla.1965).
Here, the law raised a presumption that Appellant was negligent when he drove into the rear of Appellee's car. Appellant, however, effectively rebutted this presumption by presenting evidence that he experienced brake failure as he attempted to stop. Such evidence was sufficient for the jury to properly infer a lack of negligence on Appellant's part. See, e.g., Gulle, 174 So.2d at 27 (defendant's evidence that his brakes failed and that he had no alternate course of action but to collide with plaintiff rebutted the presumption of negligence and required the issue to be presented to the jury); Pensacola Transit Co., 119 So.2d at 297 (defendant's testimony that his brakes "didn't take" and did not function was sufficient to rebut the presumption of negligence and send the issue to the jury). Thus, the trial court erred in removing the negligence question from the jury.
Accordingly, we REVERSE and REMAND the case for a new trial on the issues of Appellants' liability and damages.
BOOTH, WOLF and VAN NORTWICK, JJ., concur.