698 So.2d 368 (1997)
Ray Pearson JEFFERIES, Appellant,
v.
AMERY LEASING, INC., etc., et al., Appellees.
No. 96-3180.
District Court of Appeal of Florida, Fifth District.
August 22, 1997.
*369 W. Douglas Childs and Robert F. Lasky, of Bullock, Childs, Pendley, Reed, Herzfeld & Rubin, Jacksonville, for Appellant.
Dennis P. Dore and Ferman M. Fernandez, of Cole, Stone & Stoudemire, P.A., Jacksonville, for Appellees.
GRIFFIN, Chief Judge.
Appellant, Ray Jefferies ["Jefferies"], a codefendant of appellees Amery Leasing, Inc. and Jesus Acuna ["Acuna"] in the action below, seeks review of the trial court's order granting final summary judgment in favor of appellees against the plaintiff, Larry Phipps ["Phipps"], in a rear-end collision case in which Jefferies was the following driver. The lower court did not state the legal basis for its ruling. Appellant urges that because he produced evidence that he was not negligent, negligence of Acuna, the lead driver, became a jury question. Because we conclude there is no record evidence of negligence on the part of Acuna, we affirm.
Around 8:30 p.m., on October 16, 1993, Jefferies was driving his Volvo eastward along Interstate 10 ("I-10") through rural Suwanee County. It was nighttime; the ground was wet with a light rain or mist. The speed limit was fifty-five miles per hour, and there was no other traffic in the area. Jefferies, traveling at about sixty miles per hour, was proceeding in the rightmost of the two east-bound lanes when he came upon a tractor-trailer truck traveling in the same lane at a very slow rate of speed. The truck was being driven by Acuna and was owned by Amery Leasing, Inc. There was no street lighting on this portion of the interstate. Jefferies immediately attempted to change lanes, but the Volvo "slid" and "hit the shoulder on the inside part of the highway." Jefferies overcorrected and the car swung back into the right lane, at which point the Volvo struck the rear of the truck. After the collision, the Volvo remained in the right lane of the highway, while the truck proceeded to turn into a nearby weigh station. Jefferies had not applied the car's brakes.
Approximately twenty to sixty seconds later, Jefferies heard the sounds of two vehicles colliding in either the left lane or the inner shoulder. The accident occurred about twenty to thirty yards, or four or five car lengths, in front of him. At the time of this second accident, the Volvo was still positioned in the right lane of the highway. When law enforcement later arrived, Jefferies was given a traffic citation for striking the truck.
*370 A lawsuit was filed by Phipps, the driver in the lead vehicle in the second accident. According to Phipps' second amended complaint, Phipps slowed his car when he noticed the road was blocked from the earlier collision, at which point his car was struck from the rear by a vehicle operated by Frederick Seese ["Seese"]. Phipps named Seese, Jefferies, Amery Leasing, Inc., and Acuna as negligent defendants in the action.
After some discovery, Amery Leasing, Inc. and Acuna moved for summary judgment. In their motion, they asserted that the truck driven by Acuna had been rear-ended by Jefferies and that no evidence had been produced to demonstrate that Acuna had been negligent. Attached to the motion was a sworn affidavit by Acuna, in which the truck driver explained that just prior to the accident, he had been slowing to enter an access lane for a weigh station into which he was required to proceed. His right turn signal was on, and, between the time he turned on the signal and when he approached the weigh station, he felt a "push" from the rear of the truck which he later learned to have been the result of the Volvo's impact. He added that he was at the weigh station at the time of the accident between Phipps and Seese.
In opposition to the motion for summary judgment, Jefferies filed a copy of his own deposition, and this, along with Acuna's affidavit, comprised the only evidence before the trial court at the time the appealed order was rendered. In his deposition, Jefferies estimated that he was more than fifty feet away from Acuna's truck when he first saw it and that there were about two to three seconds between the time he attempted to avoid the accident and the time of impact. Jefferies also estimated that the truck was moving at about ten to fifteen miles per hour. Jefferies testified that he simply did not recall whether there were any flashing lights or rear lights illuminated on the truck. He did not recall if the highway in the area of the accidents was straight or curved. Finally, Jefferies "guesstimated" that the weigh station was about half of a mile ahead of where the accidents took place.
Acuna, relying on Pierce v. Progressive American Insurance Co., 582 So.2d 712 (Fla. 5th DCA), review denied, 591 So.2d 183 (Fla. 1991), urges that the summary judgment in his favor was correct because Jefferies failed to rebut the presumption that he was negligent. This case is reminiscent of Pierce, and our analysis of the liability of the lead driver is essentially the same, although some clarification of Pierce may be in order. In Pierce, the issue presented to the court was whether the abrupt stops of the two lead drivers would give rise to a jury question as to whether the rear ending party was negligent. The court answered this question in the negative, holding that more than an abrupt stop was required to be shown to rebut the presumption of negligence by the rear-ending driver. The stop must have been at a time and place where the following driver would not reasonably anticipate it. Id. at 715.
Although the issue presented to the Pierce court was not framed in terms of the negligence of the lead driver, that was the ultimate issue. The Pierce court first looked to see whether there was any evidence in the record other than the abrupt stops to indicate negligence on the part of the lead drivers, but there was none. The court then turned its attention to the "abrupt stop" issue and found no basis to conclude that the rear-ending party plaintiff should not have anticipated the defendant lead drivers' abrupt stops at the time and place where they occurred. The Pierce court accordingly affirmed. To say a following driver does not overcome the presumption of his own negligence where he cannot show he had no reason to anticipate an abrupt stop by the lead driver is not exactly the same as concluding that the lead driver could not be negligent for having stopped abruptly in a place and at a time when any following driver is expected to anticipate such a stop and to avoid a collision, but it is very close. The genesis of the distinction between the two and the Florida courts' emerging recognition of it lies in the evolution of comparative negligence in our jurisprudence.
The rear-end collision rule was recognized by Florida appellate courts in the second district case of McNulty v. Cusack, 104 So.2d 785 (Fla. 2d DCA 1958), and was approved by the supreme court shortly thereafter in Bellere v. Madsen, 114 So.2d 619 (Fla. 1959). The usefulness of the rule is obvious. A plaintiff ordinarily bears the burden of *371 proof of all four elements of negligenceduty of care, breach of that duty, causation and damages. See Turlington v. Tampa Elec. Co., 62 Fla. 398, 56 So. 696 (1911); Woodbury v. Tampa Waterworks Co., 57 Fla. 243, 49 So. 556 (1909). Yet, obtaining proof of two of those elements, breach and causation, is difficult when a plaintiff driver who has been rear-ended knows that the defendant driver rear-ended him but usually does not know why. Beginning with McNulty, therefore, the law presumed that the driver of the rear vehicle was negligent unless that driver provided a substantial and reasonable explanation as to why he was not negligent, in which case the presumption would vanish and the case could go to the jury on its merits. Gulle v. Boggs, 174 So.2d 26, 28-29 (Fla.1965); Brethauer v. Brassell, 347 So.2d 656, 657 (Fla. 4th DCA 1977). At the time when this rear-end collision rule was developed, Florida was still a contributory negligence state. Thus, if the presumption were not overcome, the following driver's claim would be barred. Under contributory negligence, a negligent plaintiff could not recover against a negligent defendant. See Shayne v. Saunders, 129 Fla. 355, 362, 176 So. 495, 498 (1937). Stephens v. Dichtenmueller, 207 So.2d 718 (Fla. 4th DCA), quashed on other grounds, 216 So.2d 448 (Fla.1968).
Florida departed from the contributory negligence doctrine in 1973 in Hoffman v. Jones, 280 So.2d 431 (Fla.1973). Since Hoffman, comparative negligence has allowed a jury to apportion liability between a negligent plaintiff and a negligent defendant. Today, when a rear driver sues a lead driver for damages from a rear-end collision, and the lead driver answers with an affirmative defense of comparative negligence, the rule will, at most, establish as a matter of law that the driver of the rear car is liable for some portion of the overall damages. There is no logic in blindly applying the rear-end collision rule to determine the rear driver automatically to be the sole source of negligence in all rear-end collisions. If it is sufficiently demonstrated that the lead driver was negligent as well, the jury should pass upon the question of shared liability and apportionment of damages.
The first case to consider the applicability of the rear-end collision rule under comparative negligence was Edward M. Chadbourne, Inc. v. Van Dyke, 590 So.2d 1023 (Fla. 1st DCA 1991). The driver of the lead vehicle in that case had sought a directed verdict on the plaintiff's negligence claim due to the effect of the rule. The motion was denied, and the jury ultimately found the defendant seventy percent negligent and the plaintiff thirty percent negligent. Relying on Tozier v. Jarvis, 469 So.2d 884 (Fla. 4th DCA 1985), and Brethauer, both cases in which the negligence action was filed by the lead driver, the defendant appealed to the first district. Judge Kahn succinctly explained:
Appellant's argument is, however, misplaced. The cited cases each involved a plaintiff's use of the presumption when moving for a directed verdict on the issue of the other driver's negligence. The presumption will entitle the plaintiff/lead vehicle to a directed verdict [on plaintiff's negligence claim] where the defendant/following vehicle is unable to provide a reasonable explanation for the collision. Thus, the issue upon which the presumption bears is the causal negligence of the following vehicle. In contrast, the issue arising on Chadbourne's motion for directed verdict is whether the road roller operator was, as a matter of law, free from negligence, and not whether Van Dyke, as driver of the rear vehicle, was herself negligent. Tozier and Brethauer simply did not address this issue. We cannot accept Chadbourne's apparent assertion that the trial court was legally bound to attribute 100% of the negligence to the driver of the rear vehicle. The jury did conclude that Van Dyke was negligent, and that her negligence was a legal cause of her injuries. Since the record does contain at least some evidence supporting the jury's conclusion of negligence and causation, we are unable to say that the trial judge erred as a matter of law in denying Chadbourne's motion for judgment in accordance with [the] motion for directed verdict.
Id. at 1024. See also Johnson v. Deep South Crane Rentals, Inc., 634 So.2d 1113 (Fla. 1st DCA 1994); McCloud v. Swanson, 681 So.2d 898 (Fla. 4th DCA 1996);Klipper v. Government Employees Ins. Co., 622 So.2d 1141, *372 1142-43 (Fla. 2d DCA 1993); Liriano v. Gonzalez, 605 So.2d 575, 575-76 (Fla. 3d DCA 1992). InDavis v. Chips Express, Inc., 676 So.2d 984 (Fla. 1st DCA 1996), the court discussed factors that might cause a rear-end collision, illustrating that such a collision could have a cause other than the negligence of either the lead or the following driver. Overcoming the presumption that the following driver was negligent will often be based on evidence that the lead driver was negligent, but this is not necessarily so. And, in a case such as this where the only issue is the lead driver's negligence, the presumption of the following driver's negligence is not relevant.
Under comparative negligence, the fact that a rear driver is presumed negligent because he cannot offer a substantial and reasonable explanation to the contrary should not operate to bar him from recovering proportional damages by establishing that the lead driver, too, was negligent. The record before the lower court in this case, however, contains no competent evidence that Acuna negligently operated his truck on the night in question or that any negligence on his part caused the accident. For that reason, the summary judgment was properly entered.
AFFIRMED.
THOMPSON and ANTOON, JJ., concur.