JOANOS, Judge.
This cause is before us for review of a trial court order granting a motion for partial summary judgment on the issue of fault with regard to a traffic accident. The first vehicle was a pickup truck and trailer driven by a party who was dismissed from the action prior to trial. The middle vehicle was an automobile driven by appellee. The following vehicle was a tractor-trailer rig driven by appellant Carl Hetz, and owned by appellant D.J. Spencer Sales and Reliable Peat Company JV. Appellants contend the trial court erred in granting appellee’s motion for partial summary judgment on the issue of comparative fault. We agree, and reverse.
In her motion for partial summary judgment, appellee asserted there was no evidence that she was negligent to rebut the presumption of negligence of appellant Hetz as the driver of the rear vehicle in this rear-end collision case. Appellee further argued that under the rationale expressed in Pierce v. Progressive American Insurance Co., 582 So.2d 712 (Fla. 5th DCA 1991), her abrupt stop in front of the vehicle driven by appellant Hetz did not rebut or dissipate the pre *603 sumption that the negligence of the rear driver was the sole proximate cause of the rear-end collision. The trial court found appellants presented no reasonable and substantial explanation for the rear-end collision caused by appellant Hetz, and failed to rebut the presumption that appellant was the sole cause of the accident.
At the pre-trial hearing, the trial court cautioned appellants’ counsel that any argument for reduction of damages based on ap-pellee’s comparative negligence would be objectionable. The jury returned a verdict awarding damages to appellee in the total amount of $857,997.00. Pursuant to a stipulation of the parties, the jury verdict was reduced by $15,000.00 for collateral source benefits previously paid to appellee. Following its denial of appellants’ motion for new trial or remittitur, the trial court entered final judgment, awarding appellee damages in the amount of $842,997.00, to be paid by appellants.
In rear-end collision cases, a rebutta-ble presumption of negligence arises and attaches to the driver of the rear vehicle. Waters v. Williams, 696 So.2d 386 (Fla. 1st DCA 1997); Eppler v. Tarmac America, Inc., 695 So.2d 775 (Fla. 1st DCA 1997); Davis v. Chips Express, Inc., 676 So.2d 984, 986 (Fla. 1st DCA 1996); Johnson v. Deep South Crane Rentals, Inc., 634 So.2d 1113, 1114 (Fla. 1st DCA 1994); Edward M. Chadbourne, Inc. v. Van Dyke, 590 So.2d 1023, 1024 (Fla. 1st DCA 1991). Unless rebutted, the presumption entitles the driver of the lead vehicle to a directed verdict on the issue of liability.
The presumption dissipates and becomes only a permissible inference if the rear driver provides a substantial and reasonable explanation for the collision. Gulle v. Boggs, 174 So.2d 26 (Fla.1965); Waters, 696 So.2d at 387; Eppler, 695 So.2d at 777; Davis, 676 So.2d at 986; Edward M. Chadbourne, Inc., 590 So.2d at 1024; Sistrunk v. Douglas, 468 So.2d 1059, 1060 (Fla. 1st DCA 1985); Baughman v. Vann, 390 So.2d 750 (Fla. 5th DCA 1980). The rule does not require the rear vehicle driver to eliminate every possible inference of negligence on his part before he is entitled to have the jury decide the case. “He is required only to produce evidence from which his exercise of reasonable care under the circumstances could properly be inferred by the jury.” Sistrunk, 468 So.2d at 1060-1061. A sudden unexpected stop or sudden unexpected lane switch is one of the general categories of affirmative explanation deemed sufficient to rebut the rear-end presumption. See Eppler, 695 So.2d at 777; McCloud v. Swanson, 681 So.2d 898, 900 (Fla. 4th DCA 1996); Liriano v. Gonzalez, 605 So.2d 575, 576 (Fla. 3d DCA 1992); Tozier v. Jarvis, 469 So.2d 884, 886 (Fla. 4th DCA 1985).
In this case, appellant Hetz, the driver of the rear vehicle, testified that ap-pellee “dead-stopped” in front of him in an area with a posted speed limit of 55 miles per hour. He also testified that after leaving the Bronson city limits, he remained two truck lengths behind appellee’s car. Appellant Hetz then stated that when he saw appellee stop on the highway, he hit his brakes and put down 110 feet of skid marks. He further testified that appellee’s brake lights did not come on prior to the collision. Appellant’s testimony was corroborated, in part, by ap-pellee’s memorandum of law in support of her motion for partial summary judgment on liability. The memorandum states that “[plaintiffs car collided with the vehicle ahead and then stopped in the roadway. At the same instant or immediately thereafter Defendant’s vehicle collided with the rear of Plaintiffs car.” Appellant Hetz stated that the lead driver’s brake lights and turn indicators were checked at the accident site, and were found to be operational. Unfortunately, appellee has no memory of the moments immediately before and after the accident.
The trial court accepted appellee’.s argument that since appellee’s car was in its proper place on the highway, the presumption of negligence was not rebutted merely because her vehicle stopped suddenly. See Pierce v. Progressive American Insurance Co., 582 So.2d 712, 714 (Fla. 5th DCA), review denied, 591 So.2d 183 (Fla.1991). In Pierce, the court held:
As a matter of law, it is not a substantial and reasonable explanation by Pierce to *604 merely say that the vehicles ahead of him — whether Boone, Reaves, or Tiroff— stopped abruptly. Such stops had to be reasonably anticipated at the time and place where they occurred according to Pierce’s own testimony: in a crowded lane of traffic approaching a busy intersection controlled by a traffic signal which was in view of all four drivers at the time of the collisions.
582 So.2d at 714.
In contrast to the situation in Pierce, the collision which is the subject of this case occurred on a 2-lane highway with a posted speed of 55 miles per hour. There were no traffic signals, and the area was described as a country road. There was additional testimony that a junior college, apartments, and a few businesses are located along this stretch of highway. Consequently, drivers on the highway reasonably could be expected to anticipate the possible deceleration and turn of lead vehicles into the various establishments.
Viewing the evidence in a light most favorable to appellants, we conclude appellant Hetz’s affirmative testimony concerning ap-pellee’s “dead-stop” in front of him and her seeming failure to use her brakes prior to impact with the lead vehicle, constitutes sufficient evidence to overcome the presumption of negligence which attaches to the driver of the rear vehicle involved in a collision. Since the lead driver testified that he used his turn indicators to signal his turn into his business, a jury could reasonably infer that appellee was negligent in failing to decelerate gradually as the lead driver slowed and turned in front of her vehicle. In these circumstances, we conclude the trial court erred in granting the motion for partial summary judgment and in removing the question of negligence from the jury.
Accordingly, the final judgment is reversed and this cause is remanded for a new trial.
BOOTH and WOLF, JJ., concur.
ON MOTION FOR CLARIFICATION
JOANOS, J.
Appellee seeks clarification of the opinion filed in the above-styled cause on October 15, 1997, in which we reversed a final judgment for appellee, and remanded the matter for a new trial. As grounds for clarification, ap-pellee asserts the opinion is silent regarding the scope of the issues to be retried, and asks us to clarify that the decision does not require a redetermination of the issue of damages. We grant the motion and clarify the final sentence of the opinion by amending it to read as follows:
Accordingly, the final judgment is reversed and this cause is remanded for a new trial on the issues of liability and damages. See Waters v. Williams, 696 So.2d 386 (Fla. 1st OCA 1997).
In all other respects, the motion for clarification is denied.
BOOTH and WOLF, JJ., concur.