825 So.2d 527 (2002)
Brenda M. MURRAY and Grover Murray, Appellants,
v.
Earl M. SCHREINER, Appellee.
No. 2D01-5531.
District Court of Appeal of Florida, Second District.
September 13, 2002.
Kenneth C. Glover, Lakeland, for Appellants.
David C. Knapp of Rogers, Dowling & Coleman, P.A., Orlando, for Appellee.
GREEN, Judge.
In this personal injury case, the plaintiffs, Brenda and Grover Murray, contend *528 that the trial court erred in granting summary judgment in favor of the defendant, Earl Schreiner. We agree.
The Murrays filed suit against Mr. Schreiner as a result of an automobile accident. A vehicle driven by Mr. Schreiner struck the rear end of a vehicle driven by Ms. Murray. Mr. Schreiner provided evidence that the rear-end collision was due to a sudden and unexpected brake failure. The Murrays countered that even assuming that brake failure occurred, Mr. Schreiner could have avoided the collision by using evasive driving tactics.
Specifically, the Murrays presented the affidavit of an accident reconstruction expert who stated that he had reviewed the accident report and the sworn deposition testimony of Mr. Schreiner and concluded that Mr. Schreiner had available to him the opportunity to apply his emergency brake and/or swerve to the right so as to completely avoid impact with the vehicle driven by Ms. Murray.
In Moore v. Morris, 475 So.2d 666, 668 (Fla.1985), the court held that "[i]f the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact." Summary judgment should be cautiously granted in cases alleging negligence. See id.
In a rear-end type collision, Florida law presumes the negligence of the rear driver. McNulty v. Cusack, 104 So.2d 785 (Fla. 2d DCA 1958). In Gulle v. Boggs, 174 So.2d 26 (Fla.1965), the supreme court endorsed the rebuttable presumption established by this court in McNulty and held that the burden is on the defendant to present evidence that fairly and reasonably tends to show that the presumption of negligence is misplaced. The court explained how the presumption works and what happens if the defendant provides sufficient evidence to rebut the presumption:
The presumption provides a prima facie case which shifts to the defendant the burden to go forward with the evidence to contradict or rebut the fact presumed. When the defendant produces evidence which fairly and reasonably tends to show that the real fact is not as presumed, the impact of "the presumption is dissipated." Whether the ultimate fact has been established must then be decided by the jury from all of the evidence before it without the aid of the presumption. At this point the entire matter should be deposited with the trier of facts to reconcile the conflicts and evaluate the credibility of the witnesses and the weight of the evidence.
174 So.2d at 28-29.
In Waters v. Williams, 696 So.2d 386 (Fla. 1st DCA 1997), the defendant struck the rear of the plaintiff's car while the plaintiff was stopped at a light. The trial court directed a verdict in favor of the plaintiff. The First District reversed the order directing a verdict finding that the defendant had effectively rebutted the presumption of negligence by presenting evidence that he experienced brake failure as he attempted to stop. This evidence was "sufficient for the jury to properly infer a lack of negligence." See id. at 387. The case was remanded for a jury trial. In Munceas v. Harris, 430 So.2d 562 (Fla. 3d DCA 1983), the court reversed a partial summary judgment on the issue of liability entered in favor of the plaintiff and remanded for a jury trial where there was conflicting evidence that the defendant hit the plaintiff's vehicle due to brake failure.
Likewise, in this case, the defendant, Mr. Schreiner, presented the affidavit of an expert who alleged that Mr. Schreiner *529 experienced unexpected brake failure. By presenting this evidence, Mr. Schreiner rebutted the presumption of negligence. To support their claim that Mr. Schreiner was negligent, the Murrays presented the affidavit of an accident reconstruction expert who opined that despite Mr. Schreiner's brake failure, he could have used evasive driving tactics to avoid the collision. The evidence is conflicting as to whether Mr. Schreiner was negligent. The issue of liability should have been preserved for trial.
Reversed and remanded.
SALCINES and STRINGER, JJ., concur.