SHARP, W., J.,
concurring specially.
Kowalczyk appeals from a summary judgment in favor of one of the defendants (Myrick) in her personal injury action. Kowalczyk was a passenger on Hunter’s motorcycle as they drove west on Interstate — 4. As Hunter came over a hill, he *963 saw that all the traffic in front of him was stopped or coming to a stop due to an accident ahead. Hunter was unable to stop in time and hit Myrick’s vehicle in front of him. Kowalczyk was thrown from the motorcycle onto the pavement.
Kowalczyk sued both Hunter and Myr-ick for negligence. Myrick moved for summary judgment on the basis that Florida law presumes the rear driver is solely at fault in a rear-end collision. Kowalczyk countered that the presumption was overcome by the “sudden stop” exception. The trial court concluded the sudden stop was not the type of unexpected, unreasonable stop which allows the rear vehicle to overcome the presumption of negligence and entered summary judgment for Myrick.
I believe Kowalczyk should have the opportunity to establish at trial that Myrick was negligent and contributed in some degree to causing her injuries.[1] Kowalczyk would have the burden of contradicting or rebuting the presumption of negligence on Hunter’s part. If she succeeded, the presumption would vanish, and the case would go to the jury on ordinary negligence principles. The presumption of negligence on the part of the rear driver should be interpreted in light of our present comparative fault system which allows the jury to apportion fault among the defendants.[2]
Nevertheless, I am bound to follow our en banc opinion in Pierce v. Progressive American Ins. Co., 582 So.2d 712 (Fla. 5th DCA), rev. denied, 591 So.2d 188 (Fla.1991), approved by Clampitt v. D.J. Spencer Sales, 786 So.2d 570 (Fla.2001). Pierce involved a similar “chain collision” accident. The majority held this type of sudden stop was insufficient to rebut the presumption the negligence of the rear driver was the sole proximate cause of the collision. Thus I reluctantly concur with the decision to affirm the summary judgment in favor of Myrick.

. Hypothetically, Kowalczyk might be able to establish that Myrick was also speeding and traveling too close to the car ahead of him, thereby requiring Myrick to stop so abruptly he contributed to some degree to Hunter’s inability to stop safely behind Myrick.

. § 768.81, Fla. Stat.