895 So.2d 1143 (2005)
Hugh R. CLEAVELAND and Deborah Cleaveland, his wife, Cody Cleaveland and Jacob Cleaveland, as their natural children, Appellants,
v.
FLORIDA POWER AND LIGHT, INC., Ryan Fitzpatrick Antal, and James K. McCoy, Appellees.
No. 4D03-4263.
District Court of Appeal of Florida, Fourth District.
February 9, 2005.
Joseph J. Slama of Krupnick Campbell Malone Buser Slama Hancock McNelis Liberman & McKee, Fort Lauderdale, for appellants.
Juliet M. Roulhac, Miami, and E. Bruce Johnson and Tamara M. Scrudders of Johnson, Anselmo, Murdoch, Burke, Piper & McDuff, P.A., Fort Lauderdale, for appellees.
*1144 STONE, J.
Appellant, Hugh Cleaveland (Cleaveland), was seriously injured in a five vehicle accident involving three FPL trucks. The first three vehicles came to a short stop, the fourth, a FPL dump truck, collided with the third, and Cleaveland, on a motorcycle, was the fifth. Prior to the accident, traffic was proceeding at approximately 35 m.p.h. The trial court entered summary judgment in favor of the defendants. We reverse, as there are issues of fact.
The record reflects differing interpretations of the facts by expert witnesses for both sides, including disputes over whether the FPL drivers failed to maintain control of their vehicles, the location of the vehicles, the speed at which the vehicles were traveling, the proper following distances for the vehicles, the time between impacts, and the nature of the stops. Appellants' claims are based on theories of negligence, vicarious liability, negligent training, and negligent maintenance, inspection, and repair. Appellants' issues include whether the sudden abrupt deceleration and unexpected stop, at a time and place where Appellant could not have reasonably expected the truck he was following to suddenly skid and crash into another truck, created an exceptional situation that was outside the daily experience of most drivers. There is no evidence of Appellant's negligence and there is evidence that he was following at a safe distance.
The trial court relied upon the "rear end collision" rule as expressed in Clampitt v. D.J. Spencer Sales, 786 So.2d 570 (Fla.2001), Jefferies v. Amery Leasing, Inc., 698 So.2d 368, 371 (Fla. 5th DCA 1997), and Pierce v. Progressive American Insurance Co., 582 So.2d 712 (Fla. 5th DCA 1991), recognizing a presumption that the rear driver is the sole proximate cause of injuries and damage resulting from the collision when the collision is predicated upon a sudden stop, with nothing more.
In Eppler v. Tarmac America, Inc., 752 So.2d 592, 594 (Fla.2000), the *1145 Florida Supreme Court recognized that a defendant's testimony of a sudden and unexpected stop by a lead driver is sufficient to overcome the presumption of the rear driver's negligence. It is when the lead vehicle suddenly stops, but the stop happens at a place and time where such an event is reasonably expected, that the presumption of negligence is not rebutted. Id.; see also Ferguson v. Disalvo, 775 So.2d 414 (Fla. 4th DCA 2001).
We note that this is not a typical case where a defendant's vehicle runs into the rear of a plaintiff's vehicle. Here, also, there is evidence that the stop was both sudden and unexpected.
In Pierce, the Fifth District applied the rear end collision rule to a plaintiff/following driver and held that, as the rear driver had not overcome the presumption of negligence, the rear driver was the sole proximate cause of the collision. Pierce, 582 So.2d at 714. In Pierce, however, unlike this case, the rear driver failed to provide evidence pointing to the negligence of the lead driver. See also Jefferies (lack of competent evidence to support negligence on the part of the lead driver).
We conclude that, here, where there is evidence of lead driver negligence, the rear end collision rule does not bar Appellant's claim. Therefore, we reverse and remand for trial on the merits.
FARMER, C.J. and TAYLOR, J., concur.