McKIBBEN, K.J., Associate Judge.
Kenyattos Andre Rollins sustained significant injuries when he was rear-ended by Ferrel Bodiford while Rollins was waiting for traffic to clear to make a left turn. Bodiford appeals the judgment resulting from a jury verdict awarding damages in excess of one million dollars. Rollins cross-appeals, arguing that there was no basis for the jury’s finding that he was thirty percent at fault for the accident.
We find no merit in any of the issues raised in Bodiford’s appeal and affirm as to those issues. We reverse the denial of Rollins’ motion for judgment notwithstanding the verdict as there was no evidence showing that Rollins breached any legal duty or failed to use reasonable care. Thus, there was no evidence to support the jury’s finding that Rollins was negligent and comparatively at fault for the accident. See Birge v. Charron, 107 So.3d 350, 360 (Fla.2012) (clarifying that to apportion fault to front driver in rear-end collision requires evidence that front driver “was negligent and comparatively at fault in causing the collision”); Pierce v. Progressive Am. Ins. Co., 582 So.2d 712, 714 (Fla. 5th DCA 1991) (holding that in rear-end collision, rear driver has burden to rebut presumption of rear driver negligence by producing evidence of substantial and reasonable explanation that rebuts presumption); see also McQueen v. Jersani, 909 So.2d 491, 493 (Fla. 5th DCA 2005) (reiterating that motion for judgment notwithstanding verdict should be granted where, in light most favorable to non-moving par *1075 ty, no evidence supports jury finding for non-moving party).
Accordingly, we reverse and remand with directions to enter an amended judgment consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for proceedings consistent with this opinion.
SAWAYA and LAMBERT, JJ., concur.