590 So.2d 1023 (1991)
EDWARD M. CHADBOURNE, INC., Appellant,
v.
Peggy Sue VAN DYKE, n/k/a Susan Ann Van Dyke, Appellee.
No. 91-455.
District Court of Appeal of Florida, First District.
December 13, 1991.
*1024 Danny L. Kepner of Shell, Fleming, Davis & Menge, Pensacola, for appellant.
Gerald A. McGill of McGill & McDavid, Pensacola, for appellee.
KAHN, Judge.
This is an appeal and cross-appeal arising out of an accident that took place on U.S. Highway 90 in Escambia County on July 17, 1986. Appellee Van Dyke was injured when her car struck the rear of Chadbourne's road roller. At the time of the collision the road roller was travelling at an approximate speed of 8-10 miles per hour within the eastbound lane of U.S. 90, a two-lane highway, with a posted speed limit of 55 miles per hour. The jury found Chadbourne 70% negligent and Van Dyke 30% negligent, and awarded damages to Van Dyke in an itemized verdict form. We affirm as to the appeal and cross-appeal.
Chadbourne's primary contention on appeal is that since the Chadbourne road roller was the lead vehicle, and Van Dyke's vehicle was the following vehicle, that Chadbourne was entitled to the presumption of negligence that arises and attaches to the driver of a rear vehicle involved in a rear-end collision. Accordingly, Chadbourne argues, the trial court erred by not granting a directed verdict for the defense. Chadbourne relies primarily upon Tozier v. Jarvis, 469 So.2d 884 (Fla. 4th DCA 1985), and Brethauer v. Brassell, 347 So.2d 656 (Fla. 4th DCA 1977). Appellant's argument is, however, misplaced. The cited cases each involved a plaintiff's use of the presumption when moving for a directed verdict on the issue of the other driver's negligence. The presumption will entitle the plaintiff/lead vehicle to a directed verdict where the defendant/following vehicle is unable to provide a reasonable explanation for the collision. Thus, the issue upon which the presumption bears is the causal negligence of the following vehicle. In contrast, the issue arising on Chadbourne's motion for directed verdict is whether the road roller operator was, as a matter of law, free from negligence, and not whether Van Dyke, as driver of the rear vehicle, was herself negligent. Tozier and Brethauer simply did not address this issue. We cannot accept Chadbourne's apparent assertion that the trial court was legally bound to attribute 100% of the negligence to the driver of the rear vehicle. The jury did conclude that Van Dyke was negligent, and that her negligence was a legal cause of her injuries. Since the record does contain at least some evidence supporting the jury's conclusion of negligence and causation, we are unable to say that the trial judge erred as a matter of law in denying Chadbourne's motion for judgment in accordance with motion for directed verdict.
On the issue involved in the cross-appeal, the trial court, upon consideration of Chadbourne's motion for remittitur as to the award given Van Dyke for her past medical expenses and past lost wages, determined that the jury's assessment of damages in the sum of $50,000 for these items was not supported by the evidence. The court ordered a remittitur to reduce *1025 Van Dyke's award for past medical expenses and past lost earnings to the total sum of $13,491.85. The order allowed Van Dyke ten days to either accept the remittitur or have a new trial solely on the issue of past medicals and past loss of earnings. Van Dyke rejected the remittitur and now argues she is entitled to a new trial on all damages.[1]
In this case the court submitted to the jury an itemized verdict pursuant to Section 768.77, Florida Statutes (1989). The statute, enacted as a part of the broad legislative tort reform effort of 1986, requires a jury to specifically calculate each line item of damages awarded to a personal injury plaintiff. The logical reason for such legislative requirement is to allow the trial judge to scrutinize each item of damages in light of the evidence actually presented in support of that item. It would thus appear logical and correct for a trial court to conclude that one item of damages is not supported by competent evidence, without concluding that the entire verdict is tainted and therefore invalid. Van Dyke argues, however, that once the trial court rejected the line item on past medicals and earnings, it was required to grant a new trial as to all damages.
The trial court is clearly authorized to grant a new trial as to all or any parties and "on all or a part of the issues." Fla. R.Civ.P. 1.530(a). The determination of whether to grant a new trial, and upon which issues such new trial should be granted, is generally left to the sound discretion of the trial court. See, e.g., Rowlands v. Signal Constr. Co., 549 So.2d 1380 (Fla. 1989) (trial court should order new trial on issues affected by the error). In this case, Van Dyke is unable to articulate in what way the improper award as to past medicals and earnings spills over and contaminates the rest of the jury verdict. She simply argues that since the trial court's order of remittitur operates to reduce the total amount of her award, she should be entitled to a new trial on all damage items. We can find no such requirement in the law, and accordingly affirm the order which, in light of Van Dyke's rejection of the remittitur, will now require a new trial solely as to the one item of special damages.
WIGGINTON and WOLF, JJ., concur.
NOTES
[1] Van Dyke filed a document entitled "Rejection of Remittitur/Request for New Trial." In this paper she seems to have accepted the trial court's ruling on the limited nature of the new trial on damages. Chadbourne has not, however, argued waiver or failure to preserve the issue on cross-appeal. Accordingly we address the issue.