651 So.2d 721 (1995)
Eileen POLLOCK, Appellant,
v.
Earl S. GOLDBERG and Geico General Insurance Company, Appellees.
No. 93-3751.
District Court of Appeal of Florida, Fourth District.
February 23, 1995.
Rehearing and Rehearing Denied April 6, 1995.
*722 Richard A. Barnett, Richard A. Barnett, P.A., Hollywood, for appellant.
Mark R. Antonelli, Gaebe, Murphy, Mullen & Antonelli, Coral Gables, for appellee Goldberg.
Rehearing and Rehearing En Banc Denied April 6, 1995.
PER CURIAM.
This is an appeal from a final judgment and order granting a renewed directed verdict in favor of appellee on appellant's counterclaim. We reverse and remand with direction to reinstate the jury verdict and enter final judgment in accordance therewith.
Appellee was driving in front of appellant in the southbound, right hand lane of University Drive. As appellee slowed or stopped to make a right hand turn into a small office center, appellant's vehicle hit appellee's vehicle from behind. Appellee sued appellant for negligent operation of her vehicle and appellant countersued appellee for negligent operation of his vehicle. On appellee's claim, the jury returned a verdict for appellee in the amount of $58,000, reduced by a finding of 35% comparative negligence on the part of appellee to $37,700. On appellant's counterclaim, the jury returned a verdict for appellant in the amount of $196,200, reduced by a finding of 65% comparative negligence on the part of appellant to $68,600.
Appellee filed a renewed motion for directed verdict and/or motion for judgment notwithstanding verdict and/or motion for new trial and/or mistrial. At the hearing on the motion, appellee argued that appellant's counterclaim should not have been submitted to the jury because appellant had failed to refute the presumption of negligence against her as the driver of the rear vehicle. Appellant counter-argued that viewing the evidence in the light most favorable to her established that appellee had stopped abruptly, without signalling, at a place not reasonably to be expected by her because it was a small, unmarked driveway. The trial court explained that where the accident occurs on a busy road with shopping centers and roadways, it is not enough to establish that the front driver suddenly stopped. Such does not refute the presumption of the rear driver's negligence. It granted appellee's renewed motion for directed verdict and entered final judgment for appellee on appellant's counterclaim.
Appellee testified that he did not bring his vehicle to a stop before the impact; that he activated his turn signal and began to brake about one hundred yards from the driveway; that he decelerated down to three miles per hour, began his turn and was then hit; that he did not know whether he applied the brake steadily or pumped it; that he did not stop short; that the turn area could be seen from approximately one hundred yards away; that there was no sign or marking for the driveway and there was no right turn cut out; and that he was unable to describe the traffic conditions that day.
Appellant testified that she was following appellee in the right hand lane for approximately one-half mile to a mile and about a car length behind before the accident; that she was driving about thirty to forty miles per hour and keeping pace with the traffic when appellee's brakes lights suddenly lit up; that she immediately braked, but collided with appellee's vehicle; that she did not see appellee's turn signal blinking before the accident and does not know for certain whether or not it was on; that the traffic conditions were moderate to heavy; that the accident occurred between 3:30 and 3:45 on a Friday afternoon; and that she was familiar with the area.
A witness who was travelling southbound in the center lane testified that prior to the accident, he did not see any turn signals or brake lights on vehicles attempting to turn off University; that he did not see the impact of appellant's and appellee's vehicles; that he did not see appellee's car until after it had been hit by appellant and thrown into the witness' lane; and that traffic was normal, although confirming that he had previously said it was fairly heavy.
We find no error with the trial court's determination that appellant did not dissipate the presumption of her negligence. See, e.g., Tozier v. Jarvis, 469 So.2d 884 (Fla. 4th DCA 1985); Brethauer v. Brassell, 347 So.2d 656 (Fla. 4th DCA 1977). Our basic concern here, however, is how to address the *723 issues of (1) a directed verdict and (2) a presumption of negligence, when there are two competing affirmative claims, both governed by the doctrine of comparative negligence.
In Collins v. School Board of Broward County, 471 So.2d 560, 563 (Fla. 4th DCA 1985), writ dismissed, 491 So.2d 280 (Fla. 1986), the court said:
When, after the entry of a jury verdict, the trial court grants a motion for judgment in accordance with the movant's prior motion for directed verdict, the ruling constitutes a deferred decision on the earlier motion for a directed verdict. Whitman v. Red Top Sedan Service, Inc., 218 So.2d 213 (Fla. 3d DCA 1969); Reams v. Vaughn, 435 So.2d 879 (Fla. 5th DCA 1983). Accordingly, our task in reviewing the propriety of an order granting such a motion is identical to that where an ordinary motion for directed verdict is involved. Presented with such a motion, the court must view all of the evidence in a light most favorable to the non-movant, and, in the face of evidence which is at odds or contradictory, all conflicts must be resolved in favor of the party against whom the motion has been made. Reams v. Vaughn, 435 So.2d 879 (Fla. 5th DCA 1983); Stenback v. Racing Associates, Inc., 394 So.2d 1128 (Fla. 4th DCA 1981). Similarly, every reasonable conclusion which may be drawn from the evidence must also be construed favorably to the non-movant. Reams; Stenback, supra. Only where there is no evidence upon which a jury could properly rely, in finding for the plaintiff, should a directed verdict be granted. Ligman v. Tardiff, 466 So.2d 1125 (Fla. 3d DCA 1985); Hernandez v. Motrico, Inc., 370 So.2d 836 (Fla. 3d DCA 1979). It goes without saying that a motion for directed verdict should be treated with special caution, and this is especially true in negligence cases where the function of a jury to weigh and evaluate the evidence is particularly important since reasonable people can draw various conclusions from the same evidence.
See also Thor Bear, Inc. v. Crocker Mizner Park, Inc., 648 So.2d 168 (Fla. 4th DCA 1994).
Accordingly, in order to direct a verdict here, it was necessary for the trial court to conclude not only that appellant was negligent but that appellee was totally free of negligence. See Edward M. Chadbourne, Inc. v. Van Dyke, 590 So.2d 1023, 1024 (Fla. 1st DCA 1991), with which we agree and which said:
This is an appeal and cross-appeal arising out of an accident that took place on U.S. Highway 90 in Escambia County on July 17, 1986. Appellee Van Dyke was injured when her car struck the rear of Chadbourne's road roller. At the time of the collision the road roller was travelling at an approximate speed of 8-10 miles per hour within the eastbound lane of U.S. 90, a two-lane highway, with a posted speed limit of 55 miles per hour. The jury found Chadbourne 70% negligent and Van Dyke 30% negligent, and awarded damages to Van Dyke in an itemized verdict form. We affirm as to the appeal and cross-appeal.
Chadbourne's primary contention on appeal is that since the Chadbourne road roller was the lead vehicle, and Van Dyke's vehicle was the following vehicle, that Chadbourne was entitled to the presumption of negligence that arises and attaches to the driver of a rear vehicle involved in a rear-end collision. Accordingly, Chadbourne argues, the trial court erred by not granting a directed verdict for the defense. Chadbourne relies primarily upon Tozier v. Jarvis, 469 So.2d 884 (Fla. 4th DCA 1985), and Brethauer v. Brassell, 347 So.2d 656 (Fla. 4th DCA 1977). Appellant's argument is, however, misplaced. The cited cases each involved a plaintiff's use of the presumption when moving for a directed verdict on the issue of the other driver's negligence. The presumption will entitle the plaintiff/lead vehicle to a directed verdict where the defendant/following vehicle is unable to provide a reasonable explanation for the collision. Thus, the issue upon which the presumption bears is the causal negligence of the following vehicle. In contrast, the issue arising on Chadbourne's motion for directed verdict is whether the road roller operator was, as a matter of law, free from negligence, and not whether *724 Van Dyke, as driver of the rear vehicle, was herself negligent. Tozier and Brethauer simply did not address this issue. We cannot accept Chadbourne's apparent assertion that the trial court was legally bound to attribute 100% of the negligence to the driver of the rear vehicle. The jury did conclude that Van Dyke was negligent, and that her negligence was a legal cause of her injuries. Since the record does contain at least some evidence supporting the jury's conclusion of negligence and causation, we are unable to say that the trial judge erred as a matter of law in denying Chadbourne's motion for judgment in accordance with motion for directed verdict.
(Emphasis added).
The foregoing decision was decided under the comparative negligence statute. There is nothing in Tozier or Brethauer to indicate that there was an issue, as here, of the front driver's negligence. However, even in pre-comparative negligence cases, where there is some evidence of the front driver's negligence, the courts have declined to direct a verdict in favor of the front driver. In Hott v. Funk, 165 So.2d 792 (Fla. 2d DCA), cert. dismissed, 170 So.2d 588 (Fla. 1964), the court said:
The case before us is a close one, as the trial judge recognized. While there are numerous circumstances from which the jury might reasonably have found that the collision was caused by the defendant's negligence, we do not agree that this was the only reasonable conclusion. The first vehicle came to a stop at an unexpected place. While the driver of the English Ford testified that the first five cars came to "normal" stops, he also testified that "it happened quickly." Considering the approximate speeds and distances which the parties described and the number of vehicles involved, the jury might reasonably have found that the defendant was confronted with an unexpected stop that was more sudden than described by this witness at a point some distance from the intersection. In short, the evidence gave rise to a variety of permissible inferences and presented an issue of negligence for determination by a jury. Jeskey v. Yellow Cab Company, Inc., Fla.App. 1962, 136 So.2d 376; Greyhound Corp. v. Ford, Fla. App. 1963, 157 So.2d 427.
Id. at 793-94.
In the present case, the jury found appellee to be 35% negligent. Given the facts as we have recited them, we cannot say that appellee was free from all negligence, which question the trial court did not consider; nor can we second guess the jury's apportionment.
HERSEY, GLICKSTEIN and POLEN, JJ., concur.