PER CURIAM.
Jose and Ingrid Moran appeal a defense verdict in a rear-end collision case. We conclude that the Morans should have had a directed verdict in their favor, and remand for a trial on damages.
Jose Moran (vehicle number 2) was traveling southbound on Southwest 137 Avenue in Miami-Dade County when the car ahead of him (vehicle number 1) stopped to make a lefthand turn. There are businesses on both sides of the road. Plaintiff-appellant Moran (vehicle number 2) made a sudden stop behind vehicle number 1. Vehicle number 2 was struck from the rear by the vehicle owned by defendant-appel-lee Florida Security Electronics, Inc., and driven by defendant-appellee Daniel Fraga (vehicle number 3).
Plaintiff Moran brought suit against defendants Fraga and Florida Security.* The plaintiffs moved for a directed verdict at trial, which was denied. The jury returned a defense verdict and this appeal follows.
We conclude that a directed verdict should have been granted for the plaintiffs. The three cars were traveling southbound on a street which has businesses on both sides. Vehicle number 1 stopped in order to make a left turn into a business. Vehicle number 2 stopped safely behind vehicle number 1. Vehicle number 3 ran into vehicle number 2.
The Florida Supreme Court has explained that there is a “rebuttable presumption of negligence that attaches to the rear driver in a rear-end collision in Florida....” Clampitt v. D.J. Spencer Sales, 786 So.2d 570, 572 (Fla.2001). This presumption can be rebutted, thus creating a jury issue, where there is “ ‘a sudden stop by the preceding driver at a time and place where it could not reasonably be expected by the following driver....’” Id at 574 (citation omitted).
The Clampitt “unexpected stop” exception does not apply here. The street *59 passed through an area with businesses on each side. It could certainly be reasonably expected that a driver may make a left turn into one of the businesses located on that side of the street.
Fraga’s own self-serving and subjective testimony that he personally did not expect anyone to make a left turn at that point is immaterial. It is a reasonable person standard. Vehicles 1 and 2 stopped safely. The driver of vehicle number 3 clearly was negligent in running into them.
On cross-appeal, defendant-appellee Florida Security appeals the denial of a motion to tax attorney’s fees pursuant to section 768.79, Florida Statutes. In view of our reversal of the judgment, Florida Security is not entitled to attorney’s fees. We address the cross-appeal, however, because the issue may arise again later in this case.
Florida Security served an offer of judgment in the amount of $3,500.00 directed to “plaintiff(s), Jose Moran”. Neither plaintiff accepted the offer. After the defense verdict, a hearing was held on the motion. The trial court denied the motion, ruling that the offer was defective. We agree. The offer could be construed as a joint offer and failed to properly specify the amount attributable to each plaintiff. See Allstate Indem. Co. v. Hingson, 808 So.2d 197, 198 (Fla.2002).
Reversed and remanded for a trial on damages.

 Ingrid Moran made a claim for lack of consortium.