MAY, J.
 

 In an odd twist of an old rebuttable presumption, we are asked to determine if the trial court correctly applied the presumption of negligence against a rear-driver plaintiff in a rear-end collision to direct a verdict for the lead-driver defendant. The plaintiff argues that the trial court erred in its application of the presumption in directing the verdict. We disagree and affirm.
 

 The accident occurred when a non-party attempted to avoid a disabled vehicle on the downhill slope of an overpass. Two non-party vehicles were able to avoid colliding with the disabled vehicle and each other. The third vehicle driven by the defendant, the fourth vehicle driven by the plaintiff, and the fifth vehicle driven by another non-party, were not that lucky.
 

 The defendant’s vehicle struck the second vehicle, the plaintiff struck the defendant, and the fifth vehicle struck the plaintiff. There was no dispute that these collisions occurred, but the chronology of them was contested. The plaintiff contended that the defendant rear-ended the second vehicle, causing her to be unable to stop in time to avoid rear-ending the defendant. The defendant contended that the plaintiff rear-ended her vehicle first, causing her to collide with the second vehicle. The parties also disputed whether the defendant had been on her cell phone prior to the accident.
 

 The case proceeded to trial. At the close of the plaintiffs case, the defendant moved for a directed verdict. After reviewing the plaintiffs evidence, the court directed a verdict for the defendant, concluding that the plaintiff had failed to produce “competent, sufficient evidence to overcome the presumption” that she was negligent because she rear-ended the defendant. From this decision the plaintiff appeals.
 

 We review a trial court’s rulings on a motion for directed verdict
 
 de novo. Premier Lab Supply, Inc. v. Chemplex Indus., Inc.,
 
 10 So.3d 202, 205 (Fla. 4th DCA 2009).
 

 “In Florida, there is a rebuttable presumption that the negligence of the rear driver in a rear-end collision was the sole proximate cause of the accident.”
 
 Dep’t of High. Saf. & Motor Vehs. v. Saleme,
 
 963 So.2d 969, 972 (Fla. 3d DCA 2007) (emphasis added).
 
 See also Eppler v. Tarmac Am., Inc.,
 
 752 So.2d 592, 594 (Fla.2000) (discussing
 
 Jefferies v. Amery Leasing, Inc.,
 
 698 So.2d 368, 370-71 (Fla. 5th DCA 1997) and
 
 Gulle v. Boggs,
 
 174 So.2d 26 (Fla.1965)). A rear-driver defendant can overcome the presumption by establishing that the lead-driver plaintiff stopped abruptly and arbitrarily. Once the rear-driver defendant overcomes the presumption, the burden of proof on the proximate cause of the collision reverts back to the plaintiff, who can no longer rely on the presumption to establish the sole proximate cause of the accident.
 
 Id.
 
 at 594-95.
 

 Where the plaintiff is the rear driver, however, the rear-driver plaintiff, like the rear-driver defendant, must prove that the lead-driver stopped abruptly and arbitrarily to rebut the presumption that the plaintiffs own negligence was the sole proximate cause of the accident. Phrased another way, the evidence must establish that the rear-driver plaintiff cannot reasonably have been expected to anticipate the lead driver’s sudden stop.
 
 Pierce v. Progressive Am. Ins. Co.,
 
 582 So.2d 712, 713-14 (Fla. 5th DCA 1991) (en banc). More importantly, a rear-driver
 
 *664
 
 plaintiff cannot rely on the mere fact that the lead-driver defendant “ran into a preceding vehicle” without “material evidence of negligence” on the part of the lead-driver defendant in stopping abruptly.
 
 Id.
 
 at 714-15.
 

 The plaintiff argues that the rebut-table presumption of rear-driver negligence does not apply to bar a claim by a rear-driver plaintiff because a lead-driver defendant could be comparatively negligent. In other words, a lead-driver defendant cannot use the presumption as a “shield” to require a rear-driver plaintiff to “establish the absence of negligence on her own part to pursue” her claim. We disagree.
 

 The distinction between a presumption of comparative negligence and a presumption of the sole cause of the accident is reasonably related to the purpose of the presumption. Not only does the “sole cause of the accident” presumption relieve the lead-driver plaintiff of the difficult task of adducing “proof of all four elements of negligence,” it serves the additional public policy of ensuring that all drivers “push ahead of themselves an imaginary clear stopping distance or assured stopping space or adequate zone within which the driven vehicle can come to a stop.”
 
 Clampitt v. D.J. Spencer Sales,
 
 786 So.2d 570, 573, 575 (Fla.2001) (quoting
 
 Jefferies,
 
 698 So.2d at 370-71) and
 
 Lynch v. Tennyson,
 
 443 So.2d 1017, 1020-21 (Fla. 5th DCA 1983) (Cowart, J., dissenting). It further avoids the burden of proof being shifted to the lead-driver defendant.
 

 This case is distinguishable from our decision in
 
 Pollock v. Goldberg,
 
 651 So.2d 721 (Fla. 4th DCA 1995). There, we reversed a directed verdict against a rear-driver counter-plaintiff entered after a jury verdict.
 
 Id.
 
 at 722. We acknowledged that the rear driver’s burden of proof was greater than merely establishing that the lead driver suddenly stopped to avoid the presumption of rear-driver negligence.
 
 Id.
 
 at 723-24. However, because there were “two competing affirmative claims, both governed by the doctrine of comparative negligence,” we held that the trial court erred in directing a verdict for the lead driver.
 
 Id.
 
 at 723.
 

 This case is more akin to
 
 Department of Highway Safety and Motor Vehicles v. Saleme,
 
 where the Third District held that the presumption supported a directed verdict against the rear-driver plaintiff. 963 So.2d at 972-77. Evidence that a lane change was “sudden,” but not unexpected, was insufficient to rebut the presumption that the rear driver plaintiff “was the sole proximate cause of the accident.”
 
 Id.
 
 at 975.
 

 “[AJccidents on the roadway ahead are a routine hazard faced by the driving public. Such accidents are encountered far too frequently and are to be reasonably expected. Each driver is charged under the law with remaining alert and following the vehicle in front of him or her at a safe distance.”
 
 Clampitt,
 
 786 So.2d at 575 (footnote omitted). The plaintiff failed to adduce evidence from which it could be reasonably inferred that the lead-driver defendant’s sudden stop was one which could not reasonably be anticipated.
 

 The plaintiff has the burden to prove duty, breach of the standard of care, proximate cause, and damages. In this case, the plaintiff simply could not rebut the presumption that her own negligence was the sole legal cause of the collision. Accordingly, the trial court correctly directed a verdict for the defendant.
 

 Affirmed.
 

 DAMOORGIAN, J, and TUTER, JACK, B., JR., Associate Judge, concur.