PER CURIAM.
Master Tech Satellite, Inc., (“Satellite”) appeals from a summary final judgment in favor of Mastec North America, Inc., (“Mastec”) in an action to recover for services rendered in installing digital satellite equipment. We affirm.
Mastec contracted for Satellite to install residential digital satellite systems. Satellite agreed that it was fully qualified and licensed to undertake the duties required under the contract, and further agreed to “be responsible for any permits, licenses, or other authorizations necessary for [Satellite] to perform the [contracted-for work].” Satellite did some work installing satellite equipment and subsequently sued for payment.
During discovery, Mastec learned that Satellite was neither licensed nor certified to install satellite equipment. Mastec moved for summary judgment based on section 489.532, Florida Statutes (2004), which makes an unlicensed contractor’s contracts unenforceable. Mastec also amended its answer to include an affirmative defense based on section 489.532.
Mastec submitted the affidavit of its senior vice president (“the SVP”). The SVP attested that the work Satellite performed included installation of “low notice blocks” (“LBNs”), which requires wiring to an electrical source of approximately 18 volts and grounding by the installer. The SVP further stated that he investigated and confirmed with the Florida Department of Business and Professional Regulation that Satellite never held a contractor license to perform digital satellite antenna installations.
In response, Satellite submitted two affidavits, one from Satellite’s president, and another from a licensed electrician. Both affiants generally stated that satellite television installation does not involve electrical work. The trial court granted Mastec’s motion for summary judgment, and Satellite appealed.
Satellite contends that the trial court erred in granting summary judgment because Mastec failed conclusively to establish Satellite’s status as an unlicensed contractor. On the other hand, Mastec asserts that the trial court, upon being presented with unrebutted evidence that Satellite was an unlicensed contractor, properly granted summary judgment under section 489.532. We agree with Mas-tec.
A trial court may enter a summary judgment when (1) there are no genuine issues of material fact, and (2) the moving party is entitled to judgment as a matter of law. Holl v. Talcott, 191 So.2d 40 (Fla.1966). Once the moving party establishes that there are no genuine issues of material fact, the burden shifts to the nonmoving party to show the existence of a disputed issue of fact. 191 So.2d at 43-44. A party does not create a disputed issue of fact, however, by merely stating factual conclusions. See, e.g., Carter v. Cessna Fin. Corp., 498 So.2d 1319 (Fla. 4th DCA 1986).
In Florida, in order to engage in electrical contracting, a person must be certified or registered with the state. § 489.516(2), *791 Fla. Stat. (2004). The statutes generally define an “electrical contractor” as any person “who has the experience, knowledge, and skill to install, repair, alter, add to, or design ... electrical wiring, fixtures, appliances, apparatus, raceways, conduit, or any part thereof, which generates, transmits, transforms, or utilizes electrical energy in any form.” § 489.505(12), Fla. Stat. (2004). Additionally, section 489.532 states that, “As a matter of public policy, contracts entered into ... by an unlicensed contractor shall be unenforceable in law or equity by the unlicensed contractor.”
Here, the trial court properly determined that there were no genuine issues of material fact and that Satellite’s installation work required an electrical contractor’s license. Mastec’s SVP expressly stated that installation of LBNs included wiring to an electrical source and grounding. The parties’ contract also required Satellite to obtain a low-voltage electricity license.[1] Satellite’s conclusory affidavits were insufficient to create a disputed issue of fact.
Accordingly, because section 489.532 proscribes court enforcement of an unlicensed contractor’s contract, the trial court correctly entered summary judgment in favor of Mastec.
Affirmed.
GERSTEN and SHEPHERD, JJ., concur.

. The Florida Department of Business and Professional Regulation’s webpage also states that an electrical license is required to install satellite television wiring. Http:www.my floridalicense.co m/dbpr/pro/division/Services thatrequirealisence_Electrical.