DAMOORGIAN, J.
Luanna and Michael Shirey appeal two trial court orders granting final summary judgment for State Farm Mutual Automobile Insurance Company, Carlis R. Sabin-son, and William Sabinson. We affirm.
The Shireys filed an amended complaint for damages resulting from a motor-vehicle collision against State Farm, Carlis R. Sabinson, and William Sabinson. The complaint alleged that the three lead drivers in the vehicle collision were negligent. It further alleged that Luanna Shirey sustained permanent injuries as a result of the car accident. Michael Shirey brought a loss of consortium claim. The accident occurred in the following manner. The first vehicle (vehicle 1) was driven by an unidentified lead-driver, followed by the second vehicle (vehicle 2) driven by Normal Purcell, followed by the third vehicle (vehicle 3) driven by William Sabinson.[1] Vehicle 1 slowed to make a right turn into a local business. Vehicles 2 and 3 slowed in reaction. Luanna Shirey, who was driving the fourth or last vehicle, rear-ended Sabinson’s vehicle causing his vehicle to rear-end Purcell’s vehicle.[2]
After answering the complaint and after some discovery ensued, State Farm moved for summary judgment. The Sabinsons informally joined State Farm’s motion. In its motion and at the subsequent hearing on the motion, State Farm argued that our holding in Cevallos v. Rideout, 18 So.3d 661 (Fla. 4th DCA 2009), rev. granted, 32 So.3d 622 (Fla.2010)[3], was dispositive because the evidence was uncontroverted that vehicles 1, 2, and 3 all slowed down gradually, and, that Luanna Shirey slammed into vehicle 3. In other words, but for her own negligence, the two vehicles in front of her would have safely slowed down, and made no contact with one another. The trial court granted summary judgment and final judgments were entered for the Sabinsons and State Farm. This appeal follows.
“The standard of review of an order granting summary judgment is de novo.” Corya v. Sanders, 76 So.3d 31, 33 (Fla. 4th DCA 2011) (quoting Fini v. Glascoe, 936 So.2d 52, 54 (Fla. 4th DCA 2006)). When reviewing a ruling on summary judgment, *621 an appellate court must examine the record in the light most favorable to the non-moving party. Weinstein Design Grp., Inc. v. Fielder, 884 So.2d 990, 997 (Fla. 4th DCA 2004).
The Shireys assert that ordinary comparative fault should govern. Alternatively, they argue that they have met their burden under Cevallos by presenting evidence of the negligence of the lead drivers, thus rebutting the presumption. State Farm counters that this accident was a result of Luanna Shirey crashing into the rear of Sabinson’s vehicle. Therefore, absent evidence that the lead vehicles in the crash operated or commenced braking their respective vehicles in an arbitrary, unforeseeable or negligent manner, the presumption of negligence on the part of the rear driver in a rear-end collision compels entry of summary judgment in favor of the lead vehicles. Even without the presumption, State Farm argues that there is no evidence of any causal negligence on the part of the lead drivers. The Sabinsons, who also submitted an answer brief in this appeal, assert the same two arguments.
In Cevallos, we noted that the presumption of negligence on the part of a rear driver in a rear-end collision can be overcome by establishing the lead-driver stopped abruptly and arbitrarily.[4] Ceval-los, 18 So.3d at 663-64. We further held that “a rear-driver plaintiff cannot rely on the mere fact that the lead-driver defendant ‘ran into a preceding vehicle’ without ‘material evidence of negligence’ on the part of the lead-driver defendant in stopping abruptly.” Id. (quoting Pierce v. Progressive Am. Ins. Co., 582 So.2d 712, 714-15 (Fla. 5th DCA 1991) (en banc)).
The lead drivers’ deposition testimony was consistent in that they slowed in response to the phantom vehicle, did not slam on their brakes, and did not hit one another until the Shireys’ vehicle slammed into the third vehicle, propelling it into the second. The Shireys presented the affidavit of their traffic accident reconstruction expert, James Harris, to establish that the lead drivers stopped abruptly and arbitrarily. Harris opined that Sabinson was “utilizing maximum braking immediately prior to [the] collision.” Furthermore, Harris concluded that the phantom vehicle “made a right turn off the highway within 5 seconds of the turn signal coming on” and thus, it “was either at maximum braking power prior to the turn or with the vehicle making that turn at a high rate of speed.”
We conclude that neither of these statements establishes that Sabinson or Purcell stopped their respective vehicles abruptly and arbitrarily. See Master Tech Satellite, Inc. v. Mastec N. Am., Inc., 49 So.3d 789, 791 (Fla. 3d DCA 2010) (holding that con-clusory affidavits of a party and its expert were insufficient to create a disputed issue of fact). On the contrary, the expert’s opinions, when viewed in the light most favorable to the Shireys, established that both lead vehicles maintained the safe operation of their respective vehicles in response to the phantom vehicle’s right-hand turn and, even assuming that abrupt braking was required because of the phantom’s vehicle’s actions, such action was appropriate. See Sorel v. Koonce, 53 So.3d 1225, 1228 (Fla. 1st DCA 2011) (an arbitrary stop is one that is “irresponsible” as opposed to an “appropriate response to activity on the road”); Moran v. Fla. Sec. Elecs., Inc., 861 So.2d 57, 58-59 (Fla. 3d DCA 2003) (concluding that a directed verdict should have been granted for the plaintiffs because the rear driver in a rear- *622 end collision failed to rebut the presumption of negligence where it could be reasonably expected that a lead driver would turn into one of the businesses located on the side of the street).
Moreover, even without the presumption recognized in Cevallos, our review of the record leads us to conclude that there was no material evidence of negligence by the lead-drivers. In fact, but for Luanna Shi-rey’s own negligence in failing to maintain a safe distance from the vehicles in front of her and apply the appropriate braking under the circumstances, no accident would have occurred. See Pierce, 582 So.2d at 714 (affirming summary judgment in favor of lead-driver defendants and against rear-driver plaintiff where there was no evidence whatsoever of any negligence by either lead driver to rebut the presumption of the rear-driver’s negligence). Accordingly, we reject the Shireys’ request to revisit our holding in Cevallos and apply a theory of comparative fault where there is no evidence of negligence on the part of the lead-drivers.

Affirmed.

MAY, C.J., and GROSS, J., concur.

. Carlis R. Sabinson was the owner of the vehicle driven by William Sabinson.

. The Shireys maintained an uninsured/un-derinsured policy with State Farm.

. We recognize that Cevallos was distinguished by the Fifth District in Charron v. Birge, and the Florida Supreme Court has also accepted jurisdiction to review Charron based on its conflict with Cevallos. See Charron v. Birge, 37 So.3d 292 (Fla. 5th DCA 2010), rev. granted, 61 So.3d 410 (Fla.2011) (table). We decline the Shireys' invitation to await the Florida Supreme Court's decision in Cevallos.

. The presumption can also be rebutted by testimony regarding mechanical failures or a vehicle’s illegal and unexpected stop, neither of which are applicable here. See Tozier v. Jarvis, 469 So.2d 884, 886-87 (Fla. 4th DCA 1985).