LABARGA, J.
Maria Cevallos seeks review of the decision of the Fourth District Court of Appeal in Cevallos v. Rideout, 18 So.3d 661 (Fla. 4th DCA 2009), on the ground that it expressly and directly conflicts with the First District Court of Appeal’s decisions in Edward M. Chadbourne, Inc. v. Van Dyke, 590 So.2d 1023 (Fla. 1st DCA 1991), and Johnson v. Deep South Crane Rentals, Inc., 634 So.2d 1113 (Fla. 1st DCA 1994), on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
*349 Procedural Background
The conflict presented here involves the interaction of Florida’s comparative negligence system of tort recovery and a rebut-table presumption that has been imposed by Florida decisional law in rear-end motor vehicle collision cases. In the case under review, the Fourth District concluded that the presumption of negligence that attaches to a rear driver in a rear-end collision case cannot be avoided or rebutted by the production of evidence of negligence on the part of the front driver. See 18 So.3d at 664. Moreover, in Cevallos, the Fourth District concluded that a claim for damages filed by a rear driver in a rear-end collision case is barred as a matter of law, unless the rear driver establishes a complete absence of negligence on his or her part. Id. These conclusions reached by the Fourth District in Cevallos are in direct conflict with decisions from various district courts of appeal in Florida which have held that the presumption of negligence that attaches to a rear driver in a rear-end motor vehicle collision case can be rebutted or avoided by the production of evidence from which a jury could find negligence on the part of the front driver that contributed to bring about the injury-producing collision.[1]
After the Fourth District released its decision in Cevallos, the Fifth District Court of Appeal released its opinion in Charron v. Birge, 37 So.3d 292 (Fla. 5th DCA 2010), a case that reaches a contrary holding to that expressed in Cevallos. We granted review of Charron by separate order based on the Fifth District’s certification of conflict with the Fourth District’s decision in Cevallos. Our decision in Birge v. Charron, 107 So.3d 350 (Fla.2012), is released contemporaneously with our decision in this case.

Birge v. Charron

In Birge we hold that rear-end motor vehicle collision cases are substantively governed by the principles of comparative negligence. Accordingly, we also hold in Birge that where evidence is produced from which a jury could conclude that the front driver in a rear-end collision was negligent in bringing about the collision— or that the negligence of the rear driver was not the sole proximate cause of the accident — the presumption that the rear driver’s negligence was the sole proximate cause of the collision is rebutted, and all issues of disputed fact regarding comparative fault and causation should be submitted to the jury. Because the Fourth District’s decision in Cevallos is contrary to our holding in Birge, we disapprove of and quash the Fourth District’s decision in Cevallos.
This Case
In the case under review, the trial court entered a directed verdict against the plaintiff on the basis that she could not *350 overcome the presumption of negligence that attached to her as a rear driver in a rear-end collision case. Nevertheless, the evidence introduced at trial, when viewed in the light most favorable to the plaintiff, provides a basis for a jury to conclude that Keri Anne Rideout, the front driver defendant, was talking on a cellular phone while driving forty-five miles per hour over a hill in heavy to moderate traffic, and while doing so, she “slammed” her car into the rear of a vehicle stopped on the downhill slope of the overpass, causing her vehicle to come to an abrupt stop on the roadway. Further, the facts viewed in the light most favorable to Maria Cevallos provided a basis for the jury to conclude that before the collision, Cevallos, the rear driver plaintiff who was driving four car lengths behind the defendant, slowed her car to a speed of thirty-five miles per hour as she approached the crest of the hill, but nonetheless was unable to avoid colliding with the rear of the defendant’s vehicle because of the manner in which the front driver defendant operated her vehicle. Accordingly, the facts introduced into evidence at trial provided a sufficient basis for the jury to conclude that the defendant failed to use ordinary care in operating her vehicle, and that this failure was at least one of the proximate causes of the collision between the plaintiffs vehicle and the defendant’s vehicle. In other words, here the evidence was sufficient for a jury to conclude that the rear driver’s presumed negligence was not the sole proximate cause of the collision, and thus, under this Court’s holding in Birge, a directed verdict should not have been entered against the plaintiff on the basis of the rear-end presumption.
Conclusion
Based on the foregoing and for the reasons expressed in this Court’s opinion in Birge v. Charron, we hereby quash the decision in Cevallos and remand the case to the Fourth District Court of Appeal for disposition consistent with this opinion.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY and PERRY, JJ., concur.

. See, e.g., Van Dyke, 590 So.2d at 1024 (explaining that introduction of evidence that lead driver was negligent in causing reár-end collision raises a question of comparative fault to be resolved by the jury, notwithstanding the presumption of negligence that might have attached to following driver); Pollock v. Goldberg, 651 So.2d 721, 722-24 (Fla. 4th DCA 1995) (concluding where rear driver counter-plaintiff did not “dissipate” presumption of her negligence, verdict could not be directed against rear driver where evidence established a basis for jury to conclude that front driver was comparatively at fault in causing collision); Cleaveland v. Florida Power & Light, Inc., 895 So.2d 1143, 1145 (Fla. 4th DCA 2005) (“We conclude that, here, where there is evidence of lead-driver negligence, the rear end collision rule does not bar [the rear-ending driver’s] claim”); Jefferies v. Amery Leasing, Inc., 698 So.2d 368, 371 (Fla. 5th DCA 1997) (“If it is sufficiently demonstrated that the lead driver was negligent as well, the jury should pass upon the question of shared liability and apportionment of damages.”).