DAMOORGIAN, C.J.,
dissenting.
This case came to us on remand from the Supreme Court following its decisions in Birge v. Charron, 107 So.3d 350 (Fla. 2012), and Cevallos v. Rideout, 107 So.3d 348 (Fla.2012). In those decisions, the court reversed precedent from this Court establishing a presumption of negligence on the part of a rear driver in a rear-end collision. Birge, 107 So.3d at 362; Cevallos, 107 So.3d 348. Although this case involved a rear-end collision and we applied the rear driver presumption in our previous opinion, we also noted that we would have affirmed even without the presumption. Shirey v. State Farm Mut. Auto. Ins. Co., 94 So.3d 619, 622 (Fla. 4th DCA 2012). Accordingly, I dissent from majority’s decision to reverse and remand, and would recede from the portion of our previous opinion based on the presumption, but affirm on other grounds.
By way of background, this case originated as an appeal of an order granting summary judgment in favor of the defendants in an auto accident case. As we explained in our original opinion:
The Shireys [Appellants] filed an amended complaint for damages resulting from a motor-vehicle collision against State Farm, Carlis R. Sabinson, and William Sabinson. The complaint alleged that the three lead drivers in the vehicle collision were negligent. It further alleged that Luanna Shirey sustained permanent injuries as a result of the car accident. Michael Shirey brought a loss of consortium claim. The accident occurred in the following manner. The first vehicle (vehicle 1) was driven by an unidentified lead-driver, followed by the second vehicle (vehicle 2) driven by Normal Purcell, followed by the third vehicle (vehicle 3) driven by William Sabinson.[1] Vehicle 1 slowed to make a right turn into a local business. Vehicles 2 and 3 slowed in reaction. Luanna Shirey, who was driving the fourth or last vehicle, rear-ended Sabin-son’s vehicle causing his vehicle to rear-end Purcell’s vehicle.[2]
Id. at 620.
Reviewing the trial court’s orders granting summary judgment under the applicable de novo standard of review, we held “even without the presumption recognized in Cevallos, our review of the record leads us to conclude that there was no material evidence of negligence by the lead-drivers.” Id. at 622. I stand by that conclusion on remand. The record is devoid of any evidence of comparative negligence by any of the three lead drivers.
As we summarized the evidence:
The lead drivers’ deposition testimony was consistent in that they slowed in response to the phantom vehicle, did not slam on their brakes, and did not hit one another until the Shireys’ vehicle *261 slammed into the third vehicle, propelling it into the second. The Shireys presented the affidavit of their traffic accident reconstruction expert, James Harris, to establish that the lead drivers stopped abruptly and arbitrarily. Harris opined that Sabinson was ‘utilizing maximum braking immediately prior to [the] collision.’ Furthermore, Harris concluded that the phantom vehicle ‘made a right turn off the highway within 5 seconds of the turn signal coming on’ and thus, it ‘was either at maximum braking power prior to the turn or with the vehicle making that turn at a high rate of speed.’
Id. at 621.
We held that the Shireys’ expert’s affidavit was conclusory and insufficient to create a disputed issue of fact regarding the lead drivers’ negligence, a conclusion which the Shireys’ did not challenge on remand. Id. (citing Master Tech Satellite, Inc. v. Mastec N. Am., Inc., 49 So.3d 789, 791 (Fla. 3d DCA 2010) (“holding that conclusory affidavits of a party and its expert were insufficient to create a disputed issue of fact”)). However, the Shireys now argue that certain portions of Mr. Purcell’s (the driver of Vehicle 2) deposition created issues of fact regarding the lead drivers’ negligence. Specifically, the Shireys argue that at one point, Mr. Purcell’s testimony suggested that Vehicle 3 hit his vehicle before Mrs. Shirey hit Vehicle 3 and that Mr. Purcell testified that the driver of Vehicle 1 was going about 55-60 miles per hour and brought his car to a stop within two seconds. The Shireys maintain that based on this testimony, a trier of fact could conclude that Mrs. Shi-rey did not bear all of the fault for the accident.
The Shireys’ position is unfounded. Their argument that Mr. Purcell’s testimony created an issue of fact as to whether Vehicle 3 hit Vehicle 2 before Mrs. Shirey hit Vehicle 3 is based on a tortured reading of Mr. Purcell’s deposition. Mr. Purcell unequivocally testified on multiple occasions throughout the course of his deposition that Mrs. Shirey hit Vehicle 3, propelling Vehicle 3 forward and causing it to collide with his vehicle, Vehicle 2.[3] The Shireys’ position that Mr. Purcell testified that Vehicle 1 stopped suddenly before turning is also unsubstantiated. Rather, Mr. Purcell’s testimony establishes that Vehicle 1 slowed and turned off the road in a normal fashion:
Q: All right. Now, this vehicle in front of you from the time they first turned on their turn signal, and you said it was three seconds before they began to apply their brakes, how many seconds was it after that they were off the highway?
A: The vehicle had their blinker on about three seconds and then they applied their brake, and that took, you know, normal turning, you know, when you apply the brakes *262 and you put the blinker on and they made their right-hand turn.
Q: And how long?
A: Around five seconds, I guess. What does that take, about five seconds, you put your blinker on — five seconds or something.
As the record is devoid of any evidence creating an issue of fact regarding the comparative negligence of the lead drivers, the trial' court appropriately granted summary judgment in favor of the lead drivers, and I would affirm.

. Carlis R. Sabinson was the owner of the vehicle driven by William Sabinson.

. The Shireys maintained an uninsured/un-derinsured policy with State Farm.

. As a sample of his testimony, Mr. Purcell testified at different points that:
• "And he [Vehicle 3] hit me because the vehicle in back of him hit him and the intertia bumped into my vehicle which caused no damage.”
• "I sure heard him tap into me. He came upon me quite quickly when he got hit in the [expletive] end.”
• "She hit him and he tapped my bumper”
• "I am just about ready to proceed forward, bam, [Mrs. Shirey’s] car hits the car in the middle. I keep repeating myself.”
• “Immediate impact from the white vehicle, Shirey, hitting that vehicle, that vehicle pushed the middle vehicle and one, two seconds later.”